United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31176
Summary Calendar

HARRY L. SHOEMAKER III,

Plaintiff-Appellant,

versus

FIRST LEVEL CAPITAL, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-1465
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In October 2002, Harry L. Shoemaker, III (hereinafter, "Shoemaker") filed an arbitration claim with the National Association of Security Dealers, Inc. ("NASD") against First Level Capital, Inc. (hereinafter, "First Level") who had been serving as his broker-dealer. Shoemaker brought several allegations against First Level including breach of fiduciary duty, breach of contract, fraud, respondeat superior, and gross negligence. A two-day arbitration hearing in January 2004, in which First Level contended that it had satisfied all of its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

duties to Shoemaker. Two weeks later, on January 27, 2004, the arbitrators entered an award in Shoemaker's favor in the amount of $15,500, but the award did not otherwise specify either the causes of action or the affirmative defenses involved in the arbitration. First Level promptly sent Shoemaker a check for the $15,500 award and the check was accepted and cashed by Shoemaker on February 5, 2004. However, on April 15, 2004, Shoemaker filed a motion to vacate the arbitration award in the Civil District Court for the Parish of Orleans. First Level removed this state court action to the U.S. District Court for the Eastern District of Louisiana, alleging diversity of citizenship in that Shoemaker was a citizen of Louisiana and First Level was a citizen of Florida. First Level also submitted its response in opposition to Shoemaker's motion to vacate and after a period of four months in which no significant action was taken, the district court rendered its decision that Shoemaker's pleadings were insufficient to state a ground upon which the arbitration award could be vacated. Shoemaker filed a motion for new trial and reconsideration which was denied. Shoemaker now appeals to this court.

We have carefully reviewed the briefs, the reply briefs, the record excerpts, and relevant portions of the record itself. For the reasons stated by the district court in its Memorandum Order filed November 2, 2004, we affirm the decision of the district court to dismiss Shoemaker's claim for failure to state a claim upon which relief can be granted and we affirm the district

court's denial of Shoemaker's motion for a new trial and reconsideration.

AFFIRMED.